**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosita George, | No. CV-17-08200-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Office of Navajo and Hopi Indian Relocation, | |
| Defendant. | |

Plaintiff Rosita George, a member of the Navajo Nation, applied for relocation benefits in January 2009. After years of review, Defendant the Office of Navajo and Hopi Indian Relocation ("ONHIR")—an agency of the federal government—denied Ms. George's application. Ms. George then filed this case seeking judicial review pursuant to the Administrative Procedures Act.

In October 2018, Ms. George moved for summary judgment reversing ONHIR's decision. ONHIR responded to Ms. George's motion in November and simultaneously cross-moved for summary judgment affirming its decision. Later that month, Ms. George filed a reply in support of her motion for summary judgment and a response opposing ONHIR's cross-motion. ONHIR then moved to extend its reply deadline to January 14, 2019, which the Court granted.

Thus, a decade after applying for relocation benefits, it appeared that Ms. George was well on her way to a judicial resolution of her claim. But then the President of the United States and Congress chose not to fund portions of the federal government, an

impasse that continues to this day. Because of the President and Congress's voluntary refusal to appropriate funds, ONHIR's attorneys by law are now prohibited from working on this case. *See* 31 U.S.C. §§ 1341, 1342, 1349, 1350, 1518, 1519. ONHIR therefore asks the Court to stay this case due to the partial federal government shutdown.

This case's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party "was not diligent, the inquiry should end." *Id.*

Although the Court appreciates the quandary that ONHIR's counsel (through no fault of their own) find themselves in, the Court must evaluate the diligence of the *party* seeking to change the schedule. The federal government's voluntary refusal to pay for its own agency's legal representation—despite ample resources to do so—does not constitute good cause for delaying this case.[1] It has been ten years since Ms. George applied for relocation benefits. She is entitled to judicial review and this Court has a constitutional duty to resolve her claim. The Court intends to discharge its duty, even as the other branches of government struggle to discharge theirs.

Moreover, the January 14 deadline for ONHIR to file its reply memorandum is the only remaining deadline of consequence. (*See* Doc. 8 ¶ 3 ("the matter shall be deemed submitted when all motions, responses, and replies have been timely filed").) Considering ONHIR has briefed the issues in this case both through its response in opposition to Ms. George's motion for summary judgment and its own cross-motion, the Court doubts ONHIR will be prejudiced if, due to a lapse in appropriations, it is unable to file a reply

---

[1] This is not to say that a lapse in appropriations can never support a motion to stay. For example, this Court recently granted a joint motion to stay due to the partial federal government shutdown in *Equal Employment Opportunity Commission v. Corizon Health Incorporated, et al.*, No. CV-18-02942-PHX-DLR. (*See* Doc. 22 in that case). But in that case, the federal government—through its agency the Equal Employment Opportunity Commission—is litigating at least in part to vindicate the rights of private individuals allegedly adversely affected by the defendant's challenged conduct. Denying the joint stay request therefore would prejudice the rights of those individuals, who have no control over the current budgetary impasse. The equitable calculus is different where, as here, the federal agency is representing its own interests rather than the interests of private citizens.

brief. Reply memoranda, after all, are optional. *See* LRCiv 56.1(d) ("the moving party . . . may have fifteen (15) days after service of the responsive memorandum within which to serve and file a reply memorandum"), 7.2(d) (permitting a moving party to file a reply "if that party so desires").

Accordingly,

**IT IS ORDERED** that ONHIR's motion to stay (Doc. 41) is **DENIED** for lack of good cause.

Dated this 10th day of January, 2019.

Douglas L. Rayes
United States District Judge